THE STATE BANK OF INDIANA *v.* HOLLAND and OTHERS.[*]

*A.* drew a foreign bill of exchange for the accommodation of *B.*, who was to accept it, and negotiate it wherever he could. It was not drawn to be discounted in the *State Bank of Indiana*, or any of its branches, but *B.* got the bill discounted at that bank. It was protested, and a judgment recovered

[*] A petition for a rehearing was filed in this case, on the 4th of *December*, and overruled on the 7th of the same month.

upon it. Neither the bill nor the judgment waived the appraisement laws. After execution had issued, the bank asked an order directing the sheriff to levy and collect it, without appraisement of the property he should levy upon. The motion was predicated upon an act of 1843 (Acts, p. 52, § 2), providing that whenever the bank should discount any bill of exchange, &c., *prepared to be discounted in the same,*&c., no appraisement should be allowed, &c. The motion was overruled. *Held*, that this was not error.

Nov. Term,
1858.

THE STATE
BANK
v.
HOLLAND.

Friday,
November 26.

APPEAL from the *Franklin* Circuit Court.

WORDEN, J.—This was a motion, made by the appellant, for an order directing the sheriff to levy and collect an execution then in his hands, without any appraisement of property on which he might levy. Motion overruled, and exception taken.

It appears that the execution was issued upon a judgment recovered by the appellant against the appellees, in the same Court, on the 23d day of *February*, 1856, for 4,256 dollars, 16 cents.

The judgment was recovered upon a bill of exchange, drawn by *George Holland* upon *R. Tyner*, in favor of *Abner Mc Carty*, payable in *New York*, and indorsed by *Mc Carty* to *N. D. Gallion*, and by *Gallion* to the plaintiff. The bill was drawn at *Brookville, Indiana*, and dated *September* 23, 1854. Neither the bill nor the judgment waived the appraisement laws.

It further appears that the bill was drawn by *Holland* for the accommodation of *Tyner*, the acceptor, to enable him to negotiate the same, and raise money thereon, wherever he could, and not for the exclusive purpose of being sold to, or discounted by the *State Bank*, or any of her branches. The witness, *George Holland*, called by plaintiff, says he thinks the bill was not taken by the bank in payment of a debt existing anterior to the 2d day of *June*, 1843. He further says, that when it was drawn and prepared, it was not drawn to be discounted at the *State Bank of Indiana*, or any of its branches, but generally, to enable *Tyner* to raise money wherever it could be done; and that the first knowledge he had of its being in the hands of the plaintiff, he received by the notice of protest.

The motion was predicated upon an act passed in 1843,

"to require the bank to continue specie payments, and to enable it to maintain them." Acts of 1843, p. 52. The second section of the act is as follows, viz.:

"Whenever the said bank shall, after the first day of *June* next, discount any bill of exchange, or other mercantile paper prepared to be discounted in the same, the whole consideration of which shall have been created or advanced after the said first of *June*, there shall be allowed a stay of judgment for six months from the date of the judgment, on giving sufficient security; but no appraisement or valuation shall be required or allowed before the sale of the property, which may, on being duly advertised, be sold to the highest bidder: *Provided*, that this act shall not extend to judgments rendered upon any domestic bill of exchange which may have been issued, sold, or discounted by any branch of said bank, for a higher premium or reward, including all charges, than six per cent. per annum."

Three positions are assumed in support of the ruling below:

1. That the case made does not come within the provisions of the law.

2. That the act of 1843 was repealed by the revised code of 1852.

3. That the plaintiff, in order to collect her claim without appraisement, should have taken her judgment accordingly; that the judgment settles all questions, and is conclusive.

To determine the correctness of the first proposition, it is necessary to ascertain the interpretation that should be given to the language employed in the section of the statute above quoted. "Whenever the said bank shall, &c., discount any bill of exchange, or other mercantile paper, prepared to be discounted in the same," &c. The words, "prepared to be discounted in the same," clearly are not to be construed to mean, prepared in such a manner as that it may be discounted in the same, or in such a manner that it may be discounted in a bank. That construction would render the words entirely superfluous, and destitute of any meaning at all; for, unless the bill was prepared in such a manner as that it might "be discounted in the same," of

course it could not be discounted at all by the bank. The legislature evidently did not intend to provide for the discount of such paper by the bank, as could not be discounted by her. This construction is also open to the obvious objection, that it might work great hardship and wrong to parties to commercial paper, who never contemplated that it should go into the hands of the bank. Such paper, not waiving appraisement laws, passing from hand to hand amongst private persons, in the ordinary course of business, carries with it no liability to have the property of the parties sold without appraisement. If, because the paper has been discounted by the bank, the property of the parties may be sold without appraisement, they are subjected to a liability beyond the terms of their contract, and one which they never contemplated incurring. To this it may be replied, that when persons become parties to commercial paper, they do so subject to the contingency that it may pass to the hands of the bank, and that, in that event, the additional liability may be incurred. But this, we think, does not materially weaken the force of the objection.

We are of opinion that the words indicated, viz., "prepared to be discounted in the same," in the connection in which they are used, have reference to the intent of the parties, and not to the manner of the preparation of the paper. The phraseology is equivalent to saying, "prepared for the purpose of being discounted in the same."

The intent of the legislature, as gathered from the letter and spirit of the statute, in our judgment, was to confer this right of selling without appraisement, only upon such paper as was prepared for the purpose, and intended by the parties, to be discounted in the bank.

It appears that the bill in question was not drawn to be discounted at the *State Bank*, or any of its branches, but generally, to enable *Tyner* to raise money wherever it could be done; that it was transferred by *McGarty*, the payee, to *Gallion*, and by *Gallion* to the plaintiff. Therefore, the case is not within the provisions of the statute.

From the view which we take of this point, it will be entirely unnecessary to notice either of the others.

*Per Curiam.*—The judgment is affirmed, with costs.

DAVISON, J., dissented.

*P. L. Spooner*, for the bank.

*G. Holland*, for the appellees.